copy of the typewritten or mimeographed appellant's points on the District Attorney of New York County, and files 6 typewritten or 19 mimeographed copies thereof, together with the original record, with this court on or before September 6, 1960, with notice of argument for the October 1960 Term of this court, said appeal to be argued or submitted when reached. Anthony F. Marra, Esq., 100 Centre Street, New York 13, N. Y. is assigned as counsel for defendant for the purpose of the appeal. Concur — Botein, P. J., Breitel, Rabin, M. M. Frank and Valente, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK v. DAVID PEAL.— Motion granted insofar as to permit the appeal to be heard on the original record, without printing the same, and upon typewritten or mimeographed appellant's points, on condition that the appellant serves one copy of the typewritten or mimeographed appellant's points on the District Attorney of New York County, and files 6 typewritten or 19 mimeographed copies thereof, together with the original record, with this court on or before September 6, 1960, with notice of argument for the October 1960 Term of this court, said appeal to be argued or submitted when reached. Donald C. Lanza, Esq., U. S. Appeal Board, 500 Eighth Avenue, New York, New York is assigned as counsel for the defendant-appellant for the purpose of the appeal. Concur — Botein, P. J., Breitel, Rabin, M. M. Frank and Valente, JJ.

■ SANTA MASSA v. CAN SERVICE CO., INC.— Motion to dismiss appeal granted, with $10 costs. Concur — Botein, P. J., Breitel, Valente, Stevens and Bergan, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK v. SOL STEINHARDT.— Motion for order admitting defendant to bail denied. Concur — Botein, P. J., Breitel, Valente, Stevens and Bergan, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK v. LAURENCE CARROLL.— Motion for leave to reargue prior motion denied. Concur — Botein, P. J., Breitel, Rabin, M. M. Frank and Valente, JJ.

■ TRITON INDUSTRIES LIMITED v. 72ND ST. AMUSEMENT CORP. et al.— Motion to dismiss appeal granted, with $10 costs, unless the appellants procure the record on appeal and appellants' points to be served and filed on or before March 29, 1960, with notice of argument for the May 1960 Term of this court, said appeal to be argued or submitted when reached. Concur — Botein, P. J., Breitel, Valente, Stevens and Bergan, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK v. JOSEPH WHITE.— Motion to dispense with printing denied, with leave to renew upon proper papers, which shall advise the court of the nature of the appeal as well as indicate some reasonable basis for the appeal. Concur — Botein, P. J., Breitel, Valente, Stevens and Bergan, JJ.

■ JOAN V. ROCCHIO v. BEL-AIR PROPERTIES CORP. et al.— Motion to dismiss appeal granted, with $10 costs, unless the appellant procures the appellant's points to be served and filed on or before March 29, 1960, with notice of argument for the May 1960 Term of this court, said appeal to be argued or submitted when reached. Concur — Botein, P. J., Breitel, Valente, Stevens and Bergan, JJ.

■ GERHARD F. BECKHUSEN v. E. P. LAWSON COMPANY.— Motion for resettlement denied, with $10 costs. Concur — Breitel, J. P., Rabin, M. M. Frank, McNally and Stevens, JJ.

■ MARY A. WILKINSON v. SAMUEL N. WILKINSON et al.— Motion to dismiss appeal granted, with $10 costs, unless the appellants procure the record on appeal and appellants' points to be served and filed on or before March 31, 1960, with notice of argument for April 12, 1960, said appeal to be argued or

submitted when reached. Concur — Botein, P. J., Breitel, Valente, Stevens and Bergan, JJ.

■ NICHOLAS A. KARGER v. PIERRE F. NESI et al.— Motion for stay denied, with $10 costs. Concur — Botein, P. J., Breitel, Valente, Stevens and Bergan, JJ.

■ In the Matter of HOWARD INTERNATIONAL, INC., against CENTRAL RIGGING & CONTRACTING CORP.— Motion for stay denied, with $10 costs. Concur — Botein, P. J., Breitel, Valente, Stevens and Bergan, JJ.

## (March 18, 1960)

■ NICHOLAS A. KARGER v. PIERRE F. NESI et al.— Motion granted insofar as to allow appellants to have their appeals from orders of February 19, 1960 and March 9, 1960, heard in one appeal book, without duplication of printing, on condition that the appellants procure the record on appeal and appellants' points to be served and filed on or before March 31, 1960, with notice of argument for April 12, 1960, said appeal to be argued or submitted when reached. Respondent's points are to be served and filed on or before April 6, 1960. Concur — Breitel, J. P., Rabin, M. M. Frank, McNally and Stevens, JJ.

■ CECILY I. HAMMER v. PAUL D. HAMMER.— Motion to dismiss appeal granted, with $10 costs, unless the plaintiff-respondent-appellant procures her appellant's points to be served and filed on or before March 29, 1960, with notice of argument for the May 1960 Term of this court, said appeal to be argued or submitted when reached. Concur — Breitel, J. P., Rabin, M. M. Frank, McNally and Stevens, JJ.

■ In the Matter of ERIC H. CRAVEN against ROBERT E. HERMAN, as State Rent Administrator, et al.— Motion for stay denied, without prejudice to any application appellant may make in the Municipal Court, if so advised. Concur — Breitel, J. P., Rabin, M. M. Frank, McNally and Stevens, JJ.

## (March 21, 1960)

■ In the Matter of STATE OF WASHINGTON, Respondent, against ROBERT E. HARVEY, Appellant.

APPEAL from an order of the Court of General Sessions, New York County, entered February 26, 1960, which granted a motion by respondent for an order directing appellant to appear before a Grand Jury of Grant County, State of Washington, with certain records, on March 21, 1960.

MEMORANDUM BY THE COURT. Order directing the witness appellant to appear before a Grand Jury of Grant County, State of Washington, affirmed. Because this is a proceeding in the nature of a criminal proceeding, the appealability of the order is gravely doubtful (*People* v. *Doe* [*Bernoff*], 261 App. Div. 504; *People* v. *Doe* [*Rubenstein*], 259 App. Div. 921; *Matter of Wainwright*, 273 App. Div. 1059; see, also, *Matter of Ryan* [*Hogan*], 306 N. Y. 11, 16 *et seq.*). However, this court on two prior occasions has entertained appeals under section 618-a of the Code of Criminal Procedure, as distinguished from proceedings under section 618-b, without the present question of appealability having been raised (*Matter of Stamler*, 279 App. Div. 908; *Commonwealth of Massachusetts* v. *Klaus*, 145 App. Div. 798). On this state of the law, and because of the urgency stemming from the running of the Statutes of Limitation in the State of Washington, in which State there is being investigated alleged